IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 09- |
| | ) | |
| VINCENT A. LOCASTRO | ) | |

2009 DEC 29 PM 1:26   FILED
CLERK US DISTRICT COURT

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Robert S. Cessar, Acting United States Attorney for the Western District of Pennsylvania, and Nelson P. Cohen, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a 9-count Indictment against the above-named defendants for a alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-9 | Identity Theft<br>May 21, 2008 (Count 1)<br>May 21, 2008 (Count 2)<br>May 21, 2008 (Count 3)<br>May 28, 2008 (Count 4)<br>May 28, 2008 (Count 5)<br>May 30, 2008 (Count 6)<br>August 28, 2008 (Count 7)<br>November 24, 2008 (Count 8)<br>November 26, 2008 (Count 9) | 18 U.S.C. §§<br>1028(a)(7) and<br>1028(b)(1)(D) |

## II. ELEMENTS OF THE OFFENSES

A. As to Count 1-9:

In order for the crime of Identity Theft, in violation of 18 U.S.C. §§ 1028(a)(7) and 1028(b)(1)(D), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant knowingly transferred, possessed or used, without lawful authority, a means of identification of another person.

2. The defendant did so with the intent to commit, or to aid or abet, any unlawful activity that constitutes a violation of federal law, or that constitutes a felony under any applicable state or local law.

3. The transfer or use of the means of identification was in or affected interstate commerce.

4. The offense involved the transfer or use of one or more means of identification and resulted in the defendant obtaining anything of value aggregating $1,000 or more during any one year period.

> 18 U.S.C. § 1028(a)(7) & (b)(1)(D); <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

### III. PENALTIES

A. As to Counts 1-9: Identity Theft (18 U.S.C. §§ 1028(a)(7) and 1028(b)(1)(D):

1. A term of imprisonment of not more than fifteen (15) years (18 U.S.C. § 1028(b)(1));

2. A fine not more than the greater of:

   (a) $250,000 (18 U.S.C. § 3571(b)(3));

   or

   (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583(b)(2));

4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be required in this case as to Counts 1-9, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Not applicable in this case.

> Respectfully submitted,
>
> ROBERT S. CESSAR
> Acting United States Attorney
>
> *[signature]*
>
> NELSON P. COHEN
> Assistant U.S. Attorney
> PA ID No. 19705